UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.

| | |
|---|---|
| D-1 | DARELL DAVIE REED, |
| |     a/k/a "Rell," |
| D-2 | KAI RIVERS, |
| |     a/k/a "Lil Kai," |
| D-4 | DEVON MANQUIL NEWBY, |
| |     a/k/a "Quil," |
| D-6 | DELANO ROSS, |
| |     a/k/a "Lano," |
| D-7 | JAMAL RITTER, |
| D-8 | ANTONIO JONES, |
| |     a/k/a: Antonio Draco Jones, Jr. |
| D-9 | DESHAWN BATES, |
| D-10 | CHANCE REED, |

        Defendants.

_____/

CRIMINAL NO. 19-20492

HON. MARK A. GOLDSMITH

VIOLATIONS:
    18 U.S.C. § 1951(a)
    18 U.S.C. § 3147

**FILED**
**CLERK'S OFFICE**
**JUL 2 1 2021**
**U.S DISTRICT COURT**
**EASTERN MICHIGAN**

## THIRD SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

1

1. At all times relevant to this indictment, Jared's Galleria of Jewelry was a retail jewelry business, with multiple locations throughout the United States (hereinafter "Jared"). Jared engaged in commercial activity that affected interstate commerce within the United States.

2. At all times relevant to this indictment, there existed a group of individuals, largely based out of the Detroit, Michigan area, who planned and were involved in a series of Jared jewelry store robberies, both within the State of Michigan and elsewhere.

3. At all times relevant to this indictment, the Jared jewelry store robberies were characterized as what is commonly referred to as "smash and grab" style robberies. During these robberies, the robbers used hand-held sledge hammers and hammers to break glass display cases and enclosures to allow access to diamonds and other jewelry.

4. At all times relevant to this indictment, DARELL DAVIE REED, also known as "Rell," was the leader of a group of individuals involved in the Jared jewelry store robberies.

5. At various times relevant to this indictment, KAI RIVERS and DEVON MANQUIL NEWBY, also known as "Quil," assisted DARELL DAVIE REED in running the smash-and-grab operation. Their responsibilities included

2

coordinating robberies and driving to some of the out-of-state Jared locations to supervise the robberies and ensure that the stolen jewelry was brought back to DARELL DAVIE REED.

6.    DELANO ROSS, JAMAL RITTER, ANTONIO JONES, DESHAWN BATES, and CHANCE REED were individuals – subordinate to DARELL DAVIE REED, KAI RIVERS and DEVON MANQUIL NEWBY - who directly participated in the Jared jewelry store robberies.

7.    At various times relevant to this indictment, DELANO ROSS, JAMAL RITTER, ANTONIO JONES, DESHAWN BATES, and CHANCE REED were financially compensated by DARELL DAVIE REED, KAI RIVERS, and/or DEVON MANQUIL NEWBY for their efforts in committing the above robberies.

## COUNT ONE
18 U.S.C. § 1951(a)
*Conspiracy to Commit Hobbs Act Robbery*

D-1    DARELL DAVIE REED,
D-2    KAI RIVERS,
D-4    DEVON MANQUIL NEWBY,
D-6    DELANO ROSS,
D-7    JAMAL RITTER,
D-8    ANTONIO JONES,
D-9    DESHAWN BATES,
D-10  CHANCE REED

1.    The General Allegations of this Indictment are hereby re-alleged and incorporated by reference.

2.    Beginning in or around November 2018, the exact date being unknown to the Grand Jury, and continuing until July 10, 2019, in the Eastern District of Michigan and elsewhere, the defendants, DARELL DAVIE REED, KAI RIVERS, DEVON MANQUIL NEWBY, DELANO ROSS, JAMAL RITTER, ANTONIO JONES, DESHAWN BATES, and CHANCE REED knowingly, intentionally, and unlawfully combined, conspired, confederated, and agreed with each other and others both known and unknown to the Grand Jury, to obstruct, delay, and affect interstate commerce, and the movement of articles and commodities in such commerce, by robbing jewelry stores that were engaged in commercial activity that affected interstate commerce.

Defendants agreed and planned with each other and others to unlawfully take property from the presence of Jared store employees, and against their will, by means of actual and threatened force, violence, and fear of injury, that is: robbery of the jewelry stores by use of hammers, all in violation of Title 18, United States Code, Section 1951(a).

4

## MANNER, MEANS AND METHODS OF THE CONSPIRACY

Among the means by which the defendants would carry out the aforesaid conspiracy were the following:

3.     It was part of the conspiracy that the defendants herein would research viable Jared jewelry stores, conduct surveillance, drive get-away vehicles, and purchase break-in tools, such as hand-held sledge hammers, hammers and gloves, and items to carry away the stolen diamonds and jewelry.

4.     It was further part of the conspiracy that members of the conspiracy entered Jared business premises with the intent to steal diamonds and jewelry.

5.     It was further part of the conspiracy that Defendants DARELL DAVIE REED, KAI RIVERS, and DEVON MANQUIL NEWBY recruited other individuals, including DELANO ROSS, JAMAL RITTER, ANTONIO JONES, DESHAWN BATES, CHANCE REED and others both known and unknown to the grand jury, to travel by car to various Jared locations across the United States.

6.     It was further part of the conspiracy that Defendants DARELL DAVIE REED, KAI RIVERS, and DEVON MANQUIL NEWBY instructed members of the conspiracy to use hand-held sledge hammers and hammers to break locked glass display cases containing diamonds and jewelry within those Jared locations, or in the alternative to force Jared employees to open the display cases. Once the loose

diamonds and other jewelry were accessible, the Defendants agreed that a member of the conspiracy would take the jewels from the store employees against their will.

7.     It was further part of the conspiracy that Defendants DARELL DAVIE REED, KAI RIVERS, and DEVON MANQUIL NEWBY instructed other members of the conspiracy to bring the diamonds and loose jewelry – worth thousands of dollars - back to the Eastern District of Michigan, where the conspiracy originated.

8.     It was further part of the conspiracy that the defendants and other members of the conspiracy robbed:

- The Jared's Jewelry store located at 2081 Interchange Road, Erie, Pennsylvania.

- The Jared's Jewelry store located at 1016 N, IL-59, Aurora, Illinois.

- The Jared's Jewelry store located at 729 W County Line Rd, Greenwood, Indiana

- The Jared's Jewelry store located at 2001 Gunbarrel Rd, Chattanooga, Tennessee

- The Jared's Jewelry store located at 3460 Galleria Cir, Hoover, Alabama

- The Jared's Jewelry store located at 6675 W 135th St, Overland Park, Kansas

- The Jared's Jewelry store located at 1571 S Willow St, Manchester, New Hampshire

- The Jared's Jewelry store located at 750 Middletown Blvd, Langhorne, Pennsylvania

- The Jared's Jewelry store located at 801 County Rd 42 W, Burnsville, Minnesota

- The Jared's Jewelry store located at 310 S University Ave, Little Rock, Arkansas

- The Jared's Jewelry store located at 343 Harbison Blvd, Columbia, South Carolina

- The Jared's Jewelry store located at 12961 Fair Lakes Shopping Center, Fairfax, Virginia

- The Jared's Jewelry store located at 115 NJ-23, Little Falls, New Jersey

- The Jared's Jewelry store located at 2001 Gunbarrel Rd, Chattanooga, Tennessee

- The Jared's Jewelry store located at 6071 Bluebonnet Blvd, Baton Rouge, Louisiana

- The Jared's Jewelry store located at 729 W County Line Rd, Greenwood, Indiana

- The Jared's Jewelry store located at 9530 Pineville-Matthews Rd, Pineville, North Carolina

- The Jared's Jewelry store located at 5011 Monroe St, Toledo, Ohio

- The Jared's Jewelry store located at 4647 Town Center Pkwy, Jacksonville, Florida

- The Jared's Jewelry store located at 4615 Merchants Park Cir, Collierville, Tennessee

## SENTENCING ENHANCEMENT
18 U.S.C. § 3147
*Penalty for Offense Committed While on Release*

D-1 DARELL DAVIE REED

DARELL DAVIE REED was on release pursuant to an order dated December 4, 2017, from the United States District Court for the Eastern District of Michigan, Case No. 17-20837, which notified REED of the potential effect of committing an

8

offense while on pretrial release. REED committed the offense alleged in Count One while on release, in violation of Title 18, United States Code, Section 3147.

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461
*Criminal Forfeiture*

The allegations contained in Count One of this Indictment are hereby incorporated by reference for the purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). As a result of the forgoing violation, the defendants shall forfeit to the United States any property, real or personal, which constitutes proceeds or is derived from proceeds traceable to the commission of the offense of which they are convicted.

Such property includes, but is not limited to, a forfeiture money judgment against the defendant in an amount to be determined, representing the total value of all property subject to forfeiture.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to forfeit any property of such defendant up to the value of the forfeitable property described above.

THIS IS A TRUE BILL.

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

SAIMA S. MOHSIN
Acting United States Attorney

CRAIG F. WININGER
Chief, Violent & Organized Crime Unit

*s/Robert A. Moran*
ROBERT A. MORAN
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI   48226
(313) 226-9553

Dated: July 21, 2021

10

| United States District Court<br>**Eastern District of Michigan** | **Criminal Case Cover Sheet** | Case Number:<br>19-cr-20492 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | |
| ☐Yes ☑No | **AUSA's Initials:** ~~RM~~ |

**Case Title:** USA v. <u>Darell Davie Reed, et al.</u>

**County where offense occurred:** <u>Wayne</u>

**Offense Type:** <u>Felony</u>

Indictment – **based upon** LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:**  <u>19-cr-20492</u>  **Judge:**  <u>Mark A. Goldsmith</u>

**Reason:**
Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant Name** | **Charges** | **Prior Complaint** |
|---|---|---|
| D-1  DARELL DAVIE REED,<br>   a/k/a "Rell," | 18 U.S.C. 1951(a)<br>18 U.S.C. 3147 | 19-mj-30367 |
| D-2  KAI RIVERS,<br>   a/k/a "Lil Kai," | | |
| D-4  DEVON MANQUIL NEWBY,<br>   a/k/a "Quil," | | |
| D-6  DELANO ROSS,<br>   a/k/a "Lano," | | |
| D-7  JAMAL RITTER, | | |
| D-8  ANTONIO JONES,<br>   a/k/a: Antonio Draco Jones, Jr. | | |
| D-9  DESHAWN BATES, | | |
| D-10 CHANCE REED | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

<u>    July 21, 2021    </u>
Date

Robert A. Moran (P46346)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Robert.Moran@usdoj.gov
(313) 226-9553

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.